IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY WALLER, | ) | |
|     Petitioner, | ) | Civil Case No. 7:21cv00567 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MAJOR MIKE SCHMIDT and | ) | |
| WINSTON W. CLARK, III, | ) | By: Michael F. Urbanski |
|     Respondents. | ) | Chief United States District Judge |

Gregory Waller, biological brother of Gary Waller who is an inmate in the Amherst County Adult Detention Center, has filed a petition for habeas corpus under 28 U.S.C. § 2254 on behalf of Gary Waller, challenging the constitutionality of Gary Waller's continued detention. Following preliminary review of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court will dismiss the petition without prejudice for the reasons stated below.

**A. Standing**

Before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish legal standing; to do so, he must clearly show that he has suffered an injury to himself that is "distinct and palpable." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). In some circumstances, the court has permitted someone to file a habeas petition on behalf of another, acting as "next friend," if the detained prisoner is unable because of mental incompetence or inaccessibility to file on his own behalf. Id. at 162. Gregory Waller has asserted that he is submitting this petition on his brother's behalf "because he is under duress being an Aboriginal Indigenous political

prisoner and contraints [sic] of COVID restrictions which violates the state constitution."
Pet. at 15, ECF No. 1. For purposes of this opinion, the court will assume without deciding
that Gregory Waller has given an adequate reason for filing on his brother's behalf, that he
has a significant relationship with the real party in interest, and that he is dedicated to the
best interests of his brother. Whitmore, 495 U.S. at 163–64.

### B. Background

Upon review of the petition, attachments to the petition, and the court records
available on the Virginia Courts Case Information website for Campbell County, the events
leading to this petition began on December 30, 2019, when Gary Waller (hereafter "Waller"
or "petitioner") was arrested in the driveway of his home for giving a false identification and
obstructing justice; he was also summonsed for having no inspection sticker on his vehicle.
Waller posted bond on January 2, 2020. His trial in Campbell County General District Court
was scheduled for February 11, 2020.

Petitioner alleges that he and his family appeared for court on February 11, 2020, and
when the case was called, he identified himself to the court as Big Heart, his legal name
change from Gary Waller being on file with the Campbell County Courts, but the court did
not give him the opportunity to explain his identity, telling him that he could not speak on
Gary Waller's behalf. Pet. at 8–9. The court then issued a failure to appear warrant for the
arrest of Gary Waller.

On March 12, 2020, the same deputy who was present in court on February 11, 2020,
came to petitioner's home to arrest him on the outstanding warrant, but he allegedly did not
advise petitioner that he had an arrest warrant, instead assaulting and restraining him with no

warning, and returning him to jail, where he was denied bond.  In addition to the failure to

appear for which he was arrested on March 12, 2020, on March 13, 2020, he was served with

additional charges for assault and battery of a law enforcement officer, forcible abduction,

use of a firearm in the commission of a felony, (felony) disarming a law enforcement officer

of a stun gun, misdemeanor disarming a law enforcement officer of a chemical weapon,

brandishing a firearm, and felony obstruction of justice, all allegedly occurring on March 12,

2020, at the time of his arrest on the failure to appear warrant. The court denied bond.

Waller appeared in General District Court on May 22, 2020.  The original charges

against him previously scheduled for February 11, 2020—no inspection sticker, false

identification, and misdemeanor obstruction of justice—were all nolle prossed by the

Commonwealth.[1]  Following a trial (on misdemeanors) and preliminary hearing (on felony

charges), the court dismissed the failure to appear and the felony obstruction of justice.  The

remaining felony charges were certified to the grand jury, as were two misdemeanors,

brandishing a firearm and disarming a law enforcement officer of a chemical weapon.

A grand jury for the Circuit Court of Campbell County indicted Waller on July 13,

2020, for the following offenses:  Assault and battery of a law enforcement officer,

abduction by force or intimidation, two counts of using a firearm in the commission of a

felony, malicious assault of a law enforcement officer, disarming an officer of a stun gun,

misdemeanor disarming an officer of a chemical weapon, and misdemeanor brandishing a

firearm.  On July 22, 2020, Waller's request for bail was again denied.

---

[1] "Nolle pros," a shortened form of the Latin phrase nolle prosequi, refers to the Commonwealth's decision to drop the charges.

On October 20, 2020, Waller filed a motion to represent himself, which was granted following a hearing on November 9, 2020, during which he signed a waiver of counsel form. The matter was scheduled for a jury trial on June 9, 2021. The court records reflect that the matter was continued that day on defendant's motion. On June 29, 2021, Melvin Hill advised the court that he had been retained to represent Waller. The case was subsequently re-set for jury trial on February 16, 2022.

The § 2254 petition was filed in this court on November 2, 2021, alleging the following grounds for relief:

(1) Unlawful detainer and trespass and incarceration "under false accusations since original accusation of alleged expired inspection was never charged to the petitioner." Pet. at 5.

(2) False arrest and false imprisonment. Pet. at 7.

(3) Denied court access, due process, and self-determination when not allowed to speak in his lawful name. Pet. at 8–9.

(4) Conspiracy to commit fraud when the deputy improperly arrested him for failure to appear, knowing that he had been present on February 11, 2020. Pet. at 10.

Waller's requested relief is immediate release. Pet. at 15.

### C. Jurisdiction

As noted above, this matter has not yet been tried in state court, the trial date being February 16, 2022. The current petition has been filed under 28 U.S.C. § 2254, which permits a federal court to intervene only on "behalf of a person in custody <u>pursuant to the judgment of a State court</u> only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." Id. (emphasis added).  Waller is not in

custody pursuant to a final state court judgment.[2]  Accordingly, no jurisdiction lies to

consider this petition under that statute.  Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.

1987).

Habeas jurisdiction is also available to state prisoners under 28 U.S.C. § 2241(c)(3),

which gives federal courts jurisdiction over a petitioner alleging that he "is in custody in

violation of the Constitution or laws or treaties of the United States."  Id.  That statute does

not limit the court's jurisdiction to cases in which a final judgment has been entered.  Pretrial

petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, which applies to

one in custody "regardless of whether final judgment has been rendered and regardless of

the present status of the case against him."  United States v. Tootle, 65 F.3d 381, 383 (4th

Cir. 1995).  The purpose of habeas corpus is to test the legality of one's detention. Id.  The

Supreme Court has held that allowing pre-trial petitions under § 2241 does not open the

door to all persons with pending state court trials because petitioners must still contend with

exhaustion requirements before seeking relief in federal court.  Hensley v. Municipal Court,

411 U.S. 345, 353 (1973).  However, § 2241 does not include exhaustion as a pre-requisite to

jurisdiction.  Therefore, the court will treat this petition as if it had been filed under § 2241.

**D. Exhaustion**

Although § 2241 does not contain an express jurisdictional exhaustion requirement,

as does § 2254, a judicially created doctrine of exhaustion has developed, based on

---

[2] The General District Court did not convict Waller of any charges.  The court either dismissed the charge, granted a Commonwealth motion to nolle pros, or certified the matter to the grand jury.  Thus, Waller is in custody only on pending charges.

federalism and comity, to protect the state courts' interest in addressing constitutional issues

in the first instance, and to limit federal interference in the state adjudicatory process.

Dickerson, 816 F.2d at 225.  The Supreme Court recognized as much in Hensley.  411 U.S.

at 353.  Under the exhaustion doctrine, a petitioner must present his federal constitutional

claims to the highest state court, on the merits, before he is entitled to seek habeas relief.

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  In this case, that means that Waller's

claims must first be properly presented to the Supreme Court of Virginia, either on direct

appeal from the trial court's decision after trial or in a properly filed state habeas petition in

the Supreme Court of Virginia collaterally attacking a criminal conviction, see 8.01-654(A),

before the matter may be considered by the federal court.  Further, the petitioner must

present to the state court the same operative facts and the same controlling legal principles

that he seeks to present to the federal court.  Duncan v. Henry, 513 U.S. 364, 365–66 (1995);

Kasi v. Angelone, 300 F.3d 487, 501–02 (4th Cir. 2002).  Failure to do so "deprive[s] the

state courts of an opportunity to address those claims in the first instance."  Coleman v.

Thompson, 501 U.S. 722, 732 (1991).  Because Waller has not yet been tried, much less

appealed his issues to the state's higher courts, he has not exhausted his claims, and the court

cannot grant relief at this time.

### D. *Younger* Abstention Doctrine

In addition, Waller's petition is not cognizable under  Younger v. Harris, 401 U.S. 37

(1971), and the attendant legal doctrine known as Younger Abstention.  In Younger, the

Court noted that from the earliest days of this nation, the laws of the United States have

manifested an intent to allow state courts to operate free from unwarranted interference by

federal courts.  Id. at 43.  As a matter of policy, federal courts should abstain from

intervening in state law matters so long as adequate state remedies are available to the parties

and one will not suffer irreparable injury by exhausting those remedies first.  Id.  The cost,

anxiety, and inconvenience of defending against a criminal prosecution are not considered

irreparable injuries in this context.  Id. at 46.  As explained by the Fourth Circuit Court of

Appeals, the Younger doctrine requires a federal court to abstain from exercising jurisdiction

and interfering with a state criminal matter if (1) there is an ongoing state judicial proceeding

pending before the federal claim was filed; (2) the state proceeding involves important state

interests; and (3) the state proceedings provide adequate opportunity to raise constitutional

challenges.  Nivens v. Gilchrist, 444 F.3d 237 (2006).  The only exception to this doctrine

arises when extraordinary circumstances present a threat of immediate and irreparable injury,

such as in double jeopardy claims and claims asserting the right to a speedy trial, although

exhaustion of state claims is still required.  See, e.g., Mannes v. Gillespie, 967 F.2d 1310,

1312 (9th Cir. 1992) (holding that alleged violation of the Double Jeopardy Clause is an

exception to the Younger doctrine, so long as petitioner has exhausted his state court

remedies); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973)

(allowing petitioner's habeas claim to enforce the constitutional obligation to bring him

promptly to trial, once he has exhausted state court efforts to do so, and noting that this is

different from using habeas to raise speedy trial as a defense to proceedings).

    In this case, there is no double jeopardy claim and to the extent that his claims

implicate speedy trial concerns, Waller is seeking immediate release, not a speedy trial.

Waller's trial is currently set for February 16, 2022.  Much of the delay in bringing him to

trial following his preliminary hearing in May 2020 appears to be related to Waller's own conduct, first in relieving his court-appointed counsel in November 2020 and choosing to represent himself, and then not being prepared to go forward on June 9, 2021, while subsequently (and appropriately) retaining counsel shortly thereafter. This court need not and will not decide whether any such delay violates Waller's speedy trial rights, as the remedy requested by Waller is immediate release, not a speedy trial. Accordingly, the court finds it appropriate to abstain from considering Waller's constitutional claims not only because they have not been exhausted, but also because addressing the claims at this time would violate the Younger Abstention Doctrine.

As applied to Waller's claim, there is an ongoing proceeding against him in Campbell County Circuit Court. The prosecution for the pending charges began on March 12, 2020. Preliminary hearings have been held, but the trial has not yet been held. The state has an important interest in enforcing its criminal laws, especially laws prohibiting violence. Waller maintains that he is innocent and that the charges are false. A trial in the state where the charges have been filed is the proper forum for him to present his defense in the first instance. Virginia rules of court provide ample opportunity for Waller to raise constitutional challenges to the proceedings, including his speedy trial rights, due process rights, and right to challenge the sufficiency of the state's evidence. In short, this case is precisely the kind of situation in which Younger requires a federal court to abstain from interfering with the ongoing legal process of a state court.

**E. Conclusion**

Because Waller has not exhausted his state court remedies and ongoing state litigation is pending, the court cannot address Waller's constitutional claims at this time.  Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE**.

An appropriate order will be entered.

Entered: December 8, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.12.08 16:51:28 -05'00'

Michael F. Urbanski
Chief United States District Judge