IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY WALLER, a/k/a BIG HEART, ) | |
|     Petitioner, ) | Civil Case No. 7:21cv00567 |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| MAJOR MIKE SCHMIDT and ) | |
| WINSTON W. CLARK, III, ) | By Michael F. Urbanski |
|     Respondents. ) | Chief United States District Judge |

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was previously filed on behalf of Gary Waller, a/k/a Big Heart, by his brother Gregory Waller, seeking Big Heart's release from state custody. At the time the petition was filed, Big Heart was detained awaiting trial on indictments issued by the Campbell County Circuit Court in Virginia. By opinion and order entered December 8, 2021, this court dismissed the petition without prejudice. On February 10, 2022, the court received a response to the memorandum opinion and order, filed on Waller's behalf by Chief Little Tornado and Gary Waller, objecting to the court's handling of the petition. Upon deciding to treat the objection as a motion for reconsideration under Fed. R. Civ. P. 60(b)(6), the court entered an order reopening the case for administrative purposes. Thereafter, Chief Little Tornado and others filed a motion for emergency hearing in this matter.

At the time the motion for reconsideration was filed, Big Heart was still awaiting trial on his state court charges. On February 16, 2022, a jury found him guilty of several charges. Waller was sentenced on May 26, 2022. Waller appealed his conviction to the Court of Appeals of Virginia, where the matter is still pending.

A federal court may not grant a § 2254 habeas petition unless the petitioner first exhausts the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Where, as here, a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice to allow him to finish exhausting those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

While petitioner asserts that the United States Constitution and tribal law are the only laws he recognizes, the right to seek habeas relief in a federal court arises under federal statute. One who comes into this court seeking a remedy the court offers is required to follow the procedures required before he can avail himself of the court's remedies. In the case of habeas corpus, exhaustion of state court remedies is a statutory requirement. 28 U.S.C. § 2254(b). One cannot seek habeas relief from state-imposed incarceration without first following the necessary steps in state court proceedings, all the way up to the state's highest court, so long as state options remain available. Only if that court fails to grant relief after being properly presented with the opportunity to do so, may one seek habeas relief in this court. Because Big Heart has not taken those steps yet, and state proceedings are still pending, this court has no authority to consider the merits of the petition.

For this reason, the court dismissed the matter <u>without prejudice</u>. That means that petitioner can return to this court and file for habeas relief once his claims have been properly presented to the state courts first, under their rules.

For the reasons explained, petitioner has failed to establish that there is a valid, lawful reason to change the prior opinion and order of this court on December 8, 2021. The matter remains **DISMISSED WITHOUT PREJUDICE**; the motion for reconsideration (ECF No. 4) is **DENIED**, and the motion for emergency hearing (ECF No. 6) is also **DENIED,** and this action is **STRICKEN** from the active docket of the court**.**

Further, petitioner has not made the requisite showing of denial of a constitutional right by this order, as required by 28 U.S.C. § 2253(c), nor has he shown that reasonable jurists would find the court's procedural ruling to be debatable or wrong. Accordingly, a certificate of appealability is **DENIED.**

The Clerk shall send copies of this opinion and order to Mr. Waller.

Entered: September 14, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.09.14 09:11:56 -04'00'

_____
Michael F. Urbanski
Chief United States District Judge